IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 24-cv-02658-CNS-TPO

DAVID E. HILL,

    Plaintiff,

v.

D. BAYSORE, Warden,
C. HARVEY, Unit Manager,
D. ENGLISH, Case Manager, and
K. DELL, Trust Fund Supervisor,

    Defendants.

## ORDER

This matter comes before the Court on Plaintiff's motion for preliminary injunction. ECF No. 3. For the reasons explained below, the motion is DENIED.

### I.   SUMMARY FOR PRO SE PLAINTIFF[1]

On September 25, 2024, you filed a motion for preliminary injunction, seeking a "preliminary injunction to preserve the status quo enjoining Defendant's [sic] from

---

[1] For the second time, the Court notes that Mr. Hill's handwriting, which is in all capitalization, is challenging to decipher. In several places, it appears that his pen ran out of ink, and in other places, the ink is smudged. The Court acknowledges that Mr. Hill is incarcerated and may not have access to a computer, but Mr. Hill will better help his case if the Court can easily read his filings. For future filings, the Court encourages Mr. Hill to write more legibly or ask a fellow inmate to assist him. *Runnel v. Archulleta*, No. 07 CV 01196 B, 2007 WL 2221084, at *1 (D. Colo. Aug. 2, 2007) ("It is not the Court's job to undertake the laborious task of deciphering Mr. Runnel's handwriting in order to determine the claims he asserts. It is Mr. Runnel's responsibility to edit and organize his claims and supporting allegations into a manageable format and to present those claims in clear, intelligible handwriting."); D.C.COLO.LCivR 10.1(g) ("All handwritten pleadings and documents shall be legible, utilizing upper and lower case lettering.").

1

enforcing the June 2024 50/50 Agreement until the Federal Bureau of Prisons Administrative Remedy Procedures have been concluded because there's [sic] nothing in the PLRA that foreclose[s] this Court from exercising its equitable power to issue injunctions to prevent irreparable injury to Mr. Hill pending exhaustion of administrative remedies in Remedy No. 1210548-F1." ECF No. 3 at 4. You also appear to seek injunctive relief on your state law claims, but the Court has dismissed those claims with prejudice. ECF No. 15.

You filed your motion for preliminary injunction the same day as your initial complaint, which United States Magistrate Judge Richard Gurley found deficient in many respects. ECF No. 4 (order to show cause and to cure deficiencies). On December 2, 2024, you filed an amended complaint. ECF No. 11. You then filed a memorandum in support of your preliminary injunction, where it appears that you seek the same relief as your initial preliminary injunction motion. ECF No. 10 at 5.

On July 7, 2025, you filed a Motion to Withdraw the Amended Complaint, where you admit that "some of the core elements are missing" in your causes of action and seek to add new claims for relief. ECF No. 44 at 1; ECF No. 45-1 at 3 (proposed amended complaint). The Court referred that motion to United States Magistrate Judge Timothy O'Hara. It thus appears that you are abandoning your motion for preliminary injunction, and the Court denies your motion on that ground.

In the event you are not abandoning your motion for preliminary injunction, the Court has considered the arguments raised in your motion and finds that they lack merit. The Court will explain why it is denying the motion below, including a discussion of the

2

legal authority that supports this conclusion. The Court's order focuses on your first injunctive request, but the analysis applies with equal force to each injunctive request you made.

## II.   BACKGROUND

Mr. Hill is a federal inmate housed at the Administrative Maximum Facility (ADX) in Florence, Colorado. *See* ECF No. 11 (Am. Compl.) at 2.[2] In this lawsuit, Mr. Hill brings claims against Defendants under the Fifth Amendment's Due Process and Takings Clauses and under the Administrative Procedure Act (APA).[3] He seeks injunctive relief related to the Federal Bureau of Prisons' (BOP) administration of his inmate trust fund account and a "50/50" payment agreement he entered with the BOP. Mr. Hill alleges the BOP has attributed too much debt to him and is withholding more funds than is appropriate.

Mr. Hill alleges that he was informed in 2015 that he owed the BOP $2,064.75. ECF No. 11 at 11.[4] At that time, his unit team asked him whether he would participate in

---

[2] When citing to Mr. Hill's amended complaint, the Court elects to use the ECF number that appears in the banner.

[3] Magistrate Judge Richard Gurley succinctly summarized Mr. Hill's claims in his Recommendation. ECF No. 14 at 3–4

[4] In the years leading up to 2015, Mr. Hill filed several lawsuits that were dismissed on grounds that they were frivolous or failed to state a claim for relief. *See* ECF No. 4 at 2; *Hill v. Traxler*, No. 15-cv-00137-RAJ-TEM (E.D. Va. May 11, 2015) (dismissed for failure to state a claim), *aff'd*, No. 15-7193 (4th Cir. Dec. 28, 2015); *Hill v Contreras, et al.,* No. 14-01075-UNA (D. D.C. June 26, 2014) (dismissed pursuant to § 1915A for failure to state a claim), *aff'd,* No. 15-5059 (D.C. Cir. Dec. 29, 2015); *Hill v. Wilkinson, et al.*, No. 13-cv-00127-RAJ-DEM (E.D. Va. Feb. 3, 2014) (dismissed as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994)), *aff'd,* No. 14-7500 (4th Cir. Nov. 4, 2014); *Hill v. Traxler, et al.*, No. 13-cv-01037-UNA (D. D.C. July 9, 2013) (dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)), *aff'd,* No. 13-5240 (D.C. Cir. Dec. 27, 2013). And he has since had two lawsuits dismissed by this Court. *See* Civil Action No. 23-cv-2539-CNS-KAS and Civil Action No. 23-cv-3428-CNS-KAS.

the 50/50 Program.[5] *Id.* He agreed to participate and entered an agreement (the 2015 50/50 Agreement). *Id.* He alleges that as of May 2024, he had a remaining debt of $1,582.91 from the 2015 50/50 Agreement. *Id.* at 12. He also alleges that, according to Defendant Dell, he had incurred $1,345.66 of non-PLRA debt not covered by the 2015 50/50 Agreement, resulting in a total debt of $2,927.85 in May 2024. *Id.*

Mr. Hill sought to consolidate his debt in June 2024. *Id.* He alleges that Defendants prepared a new 50/50 agreement (the 2024 50/50 Agreement) that "fraudulently" increased his debt to $3,245.00. *Id.* He alleges that he signed the 2024 50/50 Agreement based on inaccurate information. *Id.* at 12–13. Specifically, he alleges that he had satisfied the $1,345.66 of non-PLRA debt on June 1, 2024, through encumbrances that the BOP made on his incoming funds during the first half of 2024. *Id.* at 13–14. Mr. Hill alleges that his total debt as of June 2024 should have been $1,148.57 rather than $3,245.00. *Id.* at 14. He alleges that Defendants failed to disclose this information to him and failed to verify the correct amount of debt he owed. *Id.* at 14–15. Instead, Defendants "coerce[d]" him to sign the "fraudulent" 2024 50/50 Agreement, "which they knew was false because their records showed exactly how much was deposited to Mr. Hill's account and encumbered from January 1,2024 through June 1, 2024." *Id.* at 15. He alleges that he is "now being forced to pay more than he owe[s] depriving him of a percentage of his deposits." *Id.* He alleges he has now paid off the entirety of the debt that he owes, and that Defendants improperly continue to require him to pay off debt. *Id.*

---

[5] In a previously dismissed case brought by Mr. Hill, the Court explained in detail the confines of the 50/50 Program and inmate trust fund accounts. *Hill v. Ciolli*, No. 23-cv-02539-CNS-KAS, 2024 WL 2749652, at *2–3 (D. Colo. May 29, 2024). The Court declines to repeat that background here.

4

### III.   LEGAL STANDARD

Federal Rule of Civil Procedure 65 authorizes a district court to enter preliminary injunctions. Fed. R. Civ. P. 65(a). The decision whether to issue preliminary injunctions is committed to a district court's sound discretion. *Allen W. Hinkel Dry Goods Co. v. Wichison Indus. Gas Co.*, 64 F.2d 881, 884 (10th Cir. 1933); *see also* 11A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2951 (3d ed. 2023) ("The issuance of a temporary restraining order is a matter that lies within the discretion of the district court."). The procedure and standards for determining whether to issue a temporary restraining order (TRO) mirror those for a preliminary injunction. *See Emmis Commc'ns Corp. v. Media Strategies, Inc.*, No. CIV. A. 00-WY-2507CB, 2001 WL 111229, at *2 (D. Colo. Jan. 23, 2001) (citation omitted). "Preliminary injunctions are extraordinary remedies requiring that the movant's right to relief be clear and unequivocal." *Planned Parenthood of Kan. v. Andersen*, 882 F.3d 1205, 1223 (10th Cir. 2018).

A party seeking preliminary injunctive relief must satisfy four factors: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest. *Petrella v. Brownback*, 787 F.3d 1242, 1257 (10th Cir. 2015). "[A]ll four of the equitable factors [must] weigh in its favor," *Sierra Club, Inc. v. Bostick*, 539 F. App'x 885, 888 (10th Cir. 2013), and a "plaintiff's failure to prove any one of the four preliminary injunction factors renders its request for injunctive relief unwarranted." *Vill. of Logan v. U.S. Dep't of Interior*, 577 F. App'x 760, 766 (10th Cir. 2014).

5

In addition to the four factors, a district court must also consider whether the movant's request falls within one of the "disfavored injunction" categories. The categories of disfavored injunctions include those that will (1) alter the status quo, (2) mandate an affirmative act by the defendant, or (3) afford all the relief that the movant could expect to win at trial. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1259 (10th Cir. 2004). A request for disfavored injunctive relief "must be more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." *O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 975 (10th Cir. 2004). Where a movant requests a disfavored injunction, the movant "must make a strong showing both on the likelihood of success on the merits and on the balance of the harms." *Colo. v. E.P.A.*, 989 F.3d 874, 884 (10th Cir. 2021) (quotation omitted).

## IV.  ANALYSIS

For the reasons below, the Court finds that Mr. Hill has failed to meet his burden of showing that a preliminary injunction is warranted.

### A. Likelihood of Success on the Merits

Before a district court may issue a preliminary injunction, a plaintiff must establish a substantial likelihood of prevailing on the merits of his claims. *Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1246 (10th Cir. 2001). However, "the determination of a motion for a preliminary injunction and a decision on the merits are different." *Valdez v. Applegate*, 616 F.2d 570, 572 (10th Cir. 1980). A plaintiff generally need only "establish a reasonable probability of success, not an overwhelming likelihood of success.'" *Atchison, T. & S. F. Ry. Co. v. Lennen*, 640 F.2d 255, 261 (10th Cir. 1981)

6

(citation and quotations omitted). But where, as here, a plaintiff attempts to alter the status quo, a plaintiff must make a "strong showing" with respect to the likelihood of success on the merits. *Gen. Motors Corp. v. Urb. Gorilla, LLC*, 500 F.3d 1222, 1226 (10th Cir. 2007).

Mr. Hill seeks the following relief:

> 4. Plaintiff seeks a preliminary injunction to preserve the status quo enjoining the Defendant's from enforcing their June 4th and June 26, 2024 50/50 agreement's while he exhaust his administrative remedies with the BOP because there is nothing in the PLRA that forecloses this Court from exercising its equitable power to issue injunctions to prevent irreparable injury to Mr. Hill pending exhaustion of administrative remedies in Remedy No. 1210548-F1. Mr. Hill ask that the Court excuse exhaustion and grant him a preliminary injunction

ECF No. 10 at 5.[6] It appears, however, that Mr. Hill is the one seeking to alter the status quo, because it is clear that the June 2024 50/50 Agreement has been in effect for over a year.[7] Thus, enjoining Defendants from enforcing an agreement already in effect would

---

[6] As noted, Mr. Hill seeks injunctive relief on his state law claims. The Court, however, dismissed his state law claims with prejudice. ECF No. 15.

[7] Mr. Hill argues that his request is not a disfavored injunction because the Court should look back to the last uncontested status between the parties. ECF No. 10 at 10. While that may be true in some instances, *see, e.g.*, *Dominion Video Satellite, Inc. v. EchoStar Satellite Corp.*, 269 F.3d 1149, 1155 (10th Cir. 2001), the Court is not convinced that this rule should apply here because it appears from his pleadings that Mr. Hill's primary concern is requiring Defendant to reimburse money that he believes was improperly taken

7

alter the status quo, and the Court finds that Mr. Hill's requested injunctive relief "constitutes a specifically disfavored injunction" that "must be more closely scrutinized." *See Schrier,* 427 F.3d at 1259, 1261.

In terms of Mr. Hill's likelihood of prevailing on the merits of his claims, Defendants argue that his amended complaint is subject to dismissal because Mr. Hill has not identified a waiver of sovereign immunity that would allow the Court to exercise jurisdiction over his claims, and that even if he had, Mr. Hill has not alleged that the process he was afforded in challenging his 50/50 Agreement was constitutionally deficient. ECF No. 26 at 2. Moreover, Defendants argue that Mr. Hill has not pleaded a claim under the Takings Clause because he does not allege facts plausibly showing that his funds were taken for a public use or that, if they were, injunctive relief would be warranted. *Id.* Finally, Defendants argue that Mr. Hill has not pleaded claims under the APA or the Due Process Clause by pointing to alleged violations of BOP regulations and program statements, as he does not allege facts showing conduct that was not in accordance with law. *Id.*

Defendants' motion to dismiss is fully ripe and pending initial review by Magistrate Judge O'Hara. The Court has read those briefings and declines to speculate on the outcome that Magistrate Judge O'Hara might recommend, but it is clear to the Court that Mr. Hill has not satisfied his burden of a strong showing that he is likely to succeed on the merits of his claims. *See Gen. Motors Corp.*, 500 F.3d at 1226. Indeed, he now admits

---

from his trust fund account. *See* ECF No. 11 at 17 (alleging that he requested that BOP "release the debt encumbrance from his account and return his money" in his administrative grievances).

that "some of the core elements are missing" in his causes of action and seek to add new claims for relief. ECF No. 44 at 1.

Based on the record before the Court, Mr. Hill has not established a "strong showing" on the merits of his proposed claims. This factor weighs against injunctive relief.

### B. Irreparable Harm

Irreparable harm means that the claimed injury "must be both certain and great"; it is not enough to be "merely serious or substantial." *Prairie Band of Potawatomi Indians*, 253 F.3d at 1250 (citation omitted). Generally, a harm is not irreparable when the losses may be compensated by monetary damages. *See Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003). The movant must show that the "injury complained of is of such *imminence* that there is a clear and present need for equitable relief to prevent irreparable harm." *Id.* (citation omitted); *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1258 (10th Cir. 2003) (showing irreparable harm is "not an easy burden to fulfill").

Mr. Hill acknowledges that a loss of income or money generally does not rise to the level of irreparable harm because a plaintiff can be made whole if the plaintiff is the prevailing party. ECF No. 10 at 16. However, he appears to contend that he will never be able to recover the money Defendants allegedly owe him because a suit against government officials for money damages is barred. *Id.* at 16–17. He goes on to argue that,

> ALL THE OTHER FACTORS CREATED by A CHANGE IN THE LAW UNDER BIVENS, but THIS IS IRRELEVANT FOR THE PURPOSES OF CONSIDERING IRREPARABLE HARM, MADE IN FEDERAL COURT WHEN DETERMINING WHETHER A POST-INJURY REMEDY MEANS THE HARM IS NOT IRREPARABLE; FEDERAL COURT'S ONLY CONSIDER REMEDIES WHICH THEY HAVE THE POWER TO ENFORCE. IF THIS COURT DOES NOT GRANT A PRELIMINARY INJUNCTION AND THE JUNE 2024 50/50 AGREEMENT IS FULLY CARRIED OUT by THE BOP OFFICIALS, MR. HILL IS LIKELY TO SUFFER IRREPARABLE HARM, AS ANY CLAIM WOULD BE BARRED IN FEDERAL COURT BECAUSE IT WOULD OPERATE AGAINST THE UNITED STATES TREASURY DEPARTMENT.

*Id.* at 19.

Mr. Hill has not made a showing of irreparable harm. Through the filing of his proposed second amended complaint, he now seeks money damages under *Bivens* and the Little Tucker Act, 28 U.S.C. § 1346. ECF No. 45-1 at 3–4 (seeking $10 million in compensatory damages and another $10 million in punitive damages). It is "well settled that simple economic loss usually does not, in and of itself, constitute irreparable harm [because] such losses are compensable by monetary damages." *Schrier*, 427 F.3d at 1267 (citation omitted). Thus, to the extent that Mr. Hill's motion for preliminary injunction is still viable given his various amended complaints and motion to withdraw his amended

10

complaint, the Court finds that Mr. Hill is generally seeking monetary damages, which can be compensated.

This factor weighs against injunctive relief.

### C. Balance of Hardships

"To be entitled to a preliminary injunction, the movant has the burden of showing that 'the threatened injury to the movant outweighs the injury to the other party under the preliminary injunction.'" *Barrington v. United Airlines, Inc.*, 566 F. Supp. 3d 1102, 1113 (D. Colo. 2021) (quoting *Heideman*, 348 F.3d at 1190). Mr. Hill argues that "he will be deprived of his money without due process," and therefore, the balance of hardships weighs in his favor. In a previous lawsuit where Mr. Hill sought a TRO related to the 50/50 Program, the Court explained that the BOP has a strong interest in ensuring the ordinary operation of its policies, including the fair and consistent administration of the 50/50 Program. *Hill*, 2024 WL 2749652, at *6 (D. Colo. May 29, 2024) (citing *Pinson v. Pacheco*, 424 F. App'x 749, 756 (10th Cir. 2011)).

Like it did previously, the Court again finds that the balance of hardships does not favor the issuance of an injunction.

### D. Public Interest

Like the other three factors, Mr. Hill bears the burden of showing that the public interest is not adverse to his requested injunctive relief. *Pinson*, 424 F. App'x at 755–56. Here, like it did in his previous lawsuit, the Court observes that entering the requested injunction would conflict with and undermine the operation of the prison system and the Inmate 50/50 Program, which seeks to strike a careful balance between ensuring that

11

inmates pay their debts while preserving some access to inmate funds. The Tenth Circuit has held that "there is a strong public interest in affording substantial deference to prison officials in managing the daily operations of a prison due to the unique nature, needs and concerns of the prison environment." *Pinson*, 424 F. App'x at 756.

Mr. Hill's request essentially asks the Court to interfere with BOP officials' discretion and autonomy. The Court declines to do so at this stage. *See Hinkle v. Beckham Cnty. Bd. of* Cnty. Comm'rs, 962 F.3d 1204, 1232 (10th Cir. 2020) ("[B]ecause prison officials have certain expertise that judges lack, the [Supreme] Court stressed that the judiciary must give prison officials considerable discretion before disturbing their policies."); *Campbell v. Milyard*, No. 09-CV-01041-CMA-KLM, 2010 WL 5110095, at *8 (D. Colo. Oct. 15, 2010) ("[T]he Court's interference with Defendants' day-to-day decisions regarding how to manage this Plaintiff, particularly to the extent that Plaintiff's requested relief would deviate from how Defendants manage all other inmates, would significantly undermine their discretion and autonomy."), *report and recommendation adopted*, No. 09-CV-01041-CMA-KLM, 2010 WL 5102993 (D. Colo. Dec. 8, 2010).

Accordingly, the public interest does not favor injunctive relief.

## V. CONCLUSION

Consistent with the above analysis, Plaintiff's Motion for Preliminary Injunction, ECF No. 3, is DENIED.

DATED 10th day of July 2025.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge