IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:24-cv-02658-CNS-TPO

DAVID E. HILL,

    Plaintiff,

v.

A. CIOLLI, Warden,
C. HARVEY, Unit Manager,
D. ENGLISH, Case Manager, and
K. DELL, Case Manager,

    Defendants.

---

## ORDER

---

Before the Court are four motions filed by Plaintiff: (1) Motion for Reconsideration, ECF No. 55; (2) Plaintiff's Motion for Recusal, ECF No. 65; (3) Plaintiff's Motion for Recusal, ECF No. 68; and (4) a Motion for Reconsideration, ECF No. 70. Defendants have filed responses to each pending motion opposing Plaintiff's requested relief. *See* ECF Nos. 64, 72, 73, 74. The Court presumes familiarity with the parties' briefing, as well as the relevant factual and procedural background, and for the reasons explained below, Plaintiff's pending motions are DENIED.

    **I.**    **SUMMARY FOR PRO SE DEFENDANT**

This order concerns four of your motions currently pending before this Court, including two motions requesting that I recuse myself from these proceedings, ECF Nos.

1

65, 68, and two motions requesting that the Court reconsider its ruling denying your request for a preliminary injunction, ECF Nos. 55, 70. For the reasons explained in greater detail below, the Court denies each of these motions.

With respect to your recusal request, you argued that I should recuse myself because I am biased against you in these proceedings. The primary evidence that you present to support the claim that I am biased is the reasoning contained in the order denying your preliminary injunction. However, as discussed further below the outcome in the preliminary injunction order was based on the facts of the case and not any outside influence or bias against you. For those reasons, your recusal motions are denied.

Additionally, your request that the Court reconsider its order on your motion for a preliminary injunction is also denied because you failed to meet the standard for reconsideration. After re-reviewing the factors required to grant a preliminary injunction, the Court properly determined that you failed to demonstrate irreparable harm because, ultimately, you are seeking monetary damages. Additionally, although you requested that the Court enjoin Defendants from enforcing the 2024 50/50 Agreement until after the administrative grievance process concluded, the allegations in your proposed amended complaint make clear that process is now complete.

## II.   ANALYSIS

### A. Motions for Recusal

Plaintiff has filed two motions arguing that I should recuse myself because I am unable to impartially oversee these proceedings. *See* ECF Nos. 65, 68. As Plaintiff is proceeding pro se, the Court construes his filings liberally, *see Erickson v. Pardus*, 551

2

U.S. 89, 94 (2007) (per curiam), but does not serve as Plaintiff's advocate, *see Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009).

28 U.S.C. § 455 provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned," including if she "has a personal bias or prejudice concerning a party." 28 U.S.C. §§ 455(a), 455(b)(1). When determining whether recusal is warranted, courts ask "whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987). "Though judges 'have a strong duty to recuse when appropriate,' they also have 'a strong duty to sit,' and § 455 must not be so broadly construed as to make recusal mandated 'upon the merest unsubstantiated suggestion of personal bias or prejudice.'" *United States v. Mobley*, 971 F.3d 1187, 1205 (10th Cir. 2020) (citing *United States v. Wells*, 873 F.3d 1241, 1251 (10th Cir. 2017)). "The party moving to disqualify a judge is ordinarily assigned the burden of proof." *Davis v. U.S. Dep't of Just.*, No. 23-3244, 2024 WL 4003734, at *3 (10th Cir. Aug. 30, 2024) (citing *Topeka Hous. Auth. v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005)).

Plaintiff appears to argue that I should recuse for three primary reasons, including because I: (1) denied Plaintiff's motion for a preliminary injunction for reasons other than the merits of this case, ECF No. 65 at 4; (2) prejudiced Plaintiff by determining that his claims lack merit before Defendants' pending motion to dismiss was decided, *id.*, ECF No. 68 at 4; and (3) have a "bias or prejudice [] directed against [Plaintiff]," ECF No. 68 at 4. In response, Defendants argue that the Court's ruling on Plaintiff's motion for a

3

preliminary injunction was properly decided and that the issues raised in Plaintiff's motions do not warrant recusal. *See* ECF No. 72 at 5–6; ECF No. 73 at 5–6. The Court agrees with Defendants that recusal is not appropriate.

With respect to his first argument, Plaintiff contends that I improperly considered and ruled on Plaintiff's motion for preliminary judgment based on Plaintiff's previously dismissed lawsuits and by adopting the arguments in Defendants' motion to dismiss. ECF No. 65 at 4, 5–6. This is not so. Where the Court's preliminary injunction order references Plaintiff's previous lawsuits, that information is included as background, ECF No. 48 at 3, 4, or because the issues Plaintiff raises here are similar to the issues considered in a previous suit, *see id.* at 11. They were not used, as Plaintiff contends, as a basis for forming the Court's opinion. Nor did I adopt Defendants' rationale for why Plaintiff's claims should be dismissed in reaching my conclusion on Plaintiff's motion for a preliminary injunction. Although the preliminary injunction order notes that arguments advanced in Defendants' pending motion to dismiss, *see* ECF No. 48 at 8, it also notes a litany of other issues with Plaintiff's requested relief, including the fact that Plaintiff previously admitted that "'some of the core elements are missing' in his causes of action," ECF No. 48 at 2 (citing ECF No. 44 at 1)—a concession that, standing alone, remains fatal to Plaintiff's motion for a preliminary injunction. However, the preliminary injunction order also notes that Plaintiff failed to meet the other three preliminary injunction factors. *See id.* at 9–12. Because "[a]n injunction can issue only if each factor is established," *Denver Homeless Out Loud v. Denver, Colorado*, 32 F.4th 1259, 1277 (10th Cir. 2022), Plaintiff's failure to meet even one of the required criteria is sufficient to deny his request.

Plaintiff's second argument that I prejudiced him by determining that this case lacks merit before Defendants' motion to dismiss could be decided, *see* ECF No. 65 at 4, ECF No. 68 at 4, is also unpersuasive because it misunderstands the standard by which a motion for a preliminary injunction is evaluated. Among other factors, assessing a motion for a preliminary injunction *requires* considering whether Plaintiff has established that "he is likely to succeed on the merits" of his claims, *Denver Homeless Out Loud*, 32 F.4th at 1277, in light of the alleged facts and the ultimate relief sought, *see Resolution Trust Corp. v. Cruce,* 972 F.2d 1195, 1198 (10th Cir. 1992). As discussed further below, that is what I did in denying Plaintiff's motion for a preliminary injunction. *See* ECF No. 48 at 6–9. Importantly, although ruling on Plaintiff's preliminary injunction required making a prediction about Plaintiff's likelihood of ultimate success, this did not prejudice the review of Defendants' pending motion to dismiss. An assessment of Defendants' motion to dismiss is not bound by the preliminary injunction order, which is evaluated under a different standard. *See, e.g.*, *Am. Ass'n of People with Disabilities v. Herrera*, 690 F. Supp. 2d 1183, 1193 (D.N.M. 2010), *on reconsideration in part*, No. CIV 08-0702 JB/WDS, 2010 WL 3834049 (D.N.M. July 28, 2010) ("The standard on a motion to dismiss is quite different from the standard for granting a preliminary injunction. In contrast to a motion for a preliminary injunction, a motion to dismiss requires that the court determine, while accepting all facts pled in the complaint as true and granting all reasonable inferences from the pleadings in favor of the plaintiff, whether the complaint states a cause

5

of action for which relief can be granted.") (citations and alterations omitted). Utilizing a different standard of review may result in a different conclusion.[1]

Equally unpersuasive is Plaintiff's argument that I have a "bias or prejudice [] directed against [him]," ECF No. 68 at 4. The evidence Plaintiff presents to support this contention is little more than the fact Plaintiff's motion for a preliminary injunction was denied. *See id.*; ECF No. 65 at 4. But "it is well-settled that adverse rulings do not demonstrate bias and do not provide a basis for recusal." *United States v. Garcia*, No. 24-CR-00106-NYW-1, 2025 WL 2021394, at *3 (D. Colo. July 18, 2025) (citing *United States v. Walker*, 838 F. App'x 333, 337 (10th Cir. 2020)). Given that "a litigant's fear that a judge may decide a question against him" in the future does not constitute a "'reasonable fear' that the judge will not be impartial," *United States v. Cooley*, 1 F.3d 985, 992 (10th Cir. 1993) (quoting H. Rep. No. 1453, 93d Cong., 2d Sess. 1 (1974), reprinted in 1974 U.S. Code Cong. & Admin. News 6351, 6355), Plaintiff fails to support his contention that my preliminary injunction order was biased. *See, e.g.*, *Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.") (citation omitted).

Finally, Plaintiff argues that the Court's conclusion that Plaintiff is seeking monetary damages, *see* ECF No. 48 at 7–8 n.7, is further evidence that his motion for a

---

[1] Defendants' pending motion to dismiss has been referred for review to Magistrate Judge O'Hara. *See* ECF No. 27. However, the Court did not "tell[] Judge O'Hara to rule in Defendant[s'] favor or recommend granting Defendant[s'] motion to dismiss," as Plaintiff contends. *See* ECF No. 68 at 4. Rather, the preliminary injunction order expressly states that the Court "declines to speculate on the outcome that Magistrate Judge O'Hara might recommend," ECF No. 48 at 8, and in any event, "findings of fact and conclusions of law made by a court granting a preliminary injunction are not binding at trial on the merits." *Am. Ass'n of People with Disabilities*, 690 F. Supp. 2d at 1193 (citations and alterations omitted).

preliminary injunction was decided on a basis other than the merits, *see* ECF No. 65 at 5. The validity of the Court's determination is discussed in further detail below in connection with Plaintiff's motions for reconsideration; however, the Court notes that, with respect to his recusal motions, Plaintiff fails to articulate on what alternative basis he believes that determination was reached. There is no indication in the preliminary injunction order, or in Plaintiff's recusal briefing, that the Court concluded that Plaintiff was seeking monetary damages on any basis other the Plaintiff's own fillings.

Accordingly, in light of the above, the Court finds that Plaintiff has failed to demonstrate that I am not impartial in my assessment of Plaintiff's claims such that recusal is appropriate. Plaintiff's recusal motions, ECF Nos. 65, 68, are DENIED.

### B. Motions for Reconsideration

In addition to the issues presented in his recusal motions, Plaintiff takes further issue with the Court's order denying his preliminary injunction in his two motions for reconsideration and argues that the Court erred in at least eleven ways. *See* ECF Nos. 55, 70.[2] Defendants filed responses opposing each of Plaintiff's arguments. ECF Nos. 64, 74. Defendants further argue that given Plaintiff's continued efforts to resolve his grievances administratively, Plaintiff's request for a preliminary injunction is no longer live.

---

[2] Specifically, Plaintiff argues that the court erred by (1) dismissing his request for preliminary injunction because the exhaustion requirement in the Prison Litigation Reform Act, 42 U.S.C. § 1997e, should have been excused; (2) finding that Plaintiff had abandoned his request for a preliminary injunction; (3) applying the heightened standard for disfavored preliminary injunctions; (4) determining that the preliminary injunction sought reimbursement of funds; (5) not evaluating the factors under *Mathews v. Eldridge*, 424 U.S. 319 (1976), when analyzing his due process claim; (6) determining he did not face irreparable harm because he could be made whole with money damages; (7) finding that Plaintiff sought monetary damages under the Little Tucker Act; (8) considering claims outside the body of the operative complaint in determining whether Plaintiff faces irreparable harm; (9) failing to analyze his due process claim using the factors from *Turner v. Safley*, 482 U.S. 78 (1987); (10) not considering the public interest in protecting the civil rights of prisoners, *id.*; and (11) failing to construe his pleadings liberally. *See generally* ECF Nos. 55, 70.

7

*See* ECF No. 64 at 6–7; ECF No. 74 at 6–7. The Court considers these arguments below and declines to overturn its order on Plaintiff's motion for a preliminary injunction, ECF No. 48, because it finds that Plaintiff's requested injunctive relief is now moot and because Plaintiff fails to demonstrate that reconsideration is warranted.

    1. *Legal Standard*

While the Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration, Rule 54(b) states that "any order or other decision, however designated, that adjudicates fewer than all the claims . . . may be revised at any time before the entry of judgment adjudicating all claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). A motion for reconsideration filed prior to the entry of judgment falls within a court's power to revisit and amend interlocutory orders. *See Paramount Pictures Corp. v. Thompson Theatres, Inc.,* 621 F.2d 1088, 1090 (10th Cir. 1980) (citing Fed. R. Civ. P. 54(b)). A motion for reconsideration is appropriate where there is "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000) (citation omitted). The decision whether to grant or deny a motion to reconsider is committed to the court's sound discretion. *Trujillo v. Bd. of Educ. of Albuquerque Public Schools*, 212 Fed.Appx. 760, 765 (10th Cir. 2007) (unpublished) ("A district court has discretion to revise interlocutory orders prior to entry of final judgment.") (citation omitted).

## 2. *The Scope of Plaintiff's Request for Injunctive Relief*

As an initial matter, Defendants argue that Plaintiff's motions for reconsideration should be denied because the Court can no longer grant the relief Plaintiff's seeks. *See* ECF No. 64 at 6–7; ECF No. 74 at 6–7. Defendants contend that Plaintiff's motion requested specific, time-bound relief in the form of an injunction that would last only "'until the Federal Bureau of Prison's administrative remedy procedures have been concluded,'" ECF No. 64 at 6 (citing ECF No. 3 at 5), and note that Plaintiff's most recent proposed amended complaint alleges that Plaintiff has now concluded his efforts to exhaust administrative remedy process, *id.* (citing ECF No. 45-1 at 14). The Court agrees with Defendants that Plaintiff's motion for a preliminary injunction seeks time-bound relief. Specifically, Plaintiff requested the following:

> 4. Plaintiff seeks a preliminary injunction to preserve the status quo enjoining the defendant's from enforcing the June 2024 50/50 Agreements until the Federal Bureau of Prisons administrative remedy procedures have been concluded because there's nothing in the PLRA that foreclose this Court from exercising its equitable power to issue injunctions to prevent irreparable injury to Mr. Hill pending exhaustion of administrative remedies in Remedy No. 1210548-F1. Mr. Hill ask that the Court excuse exhaustion and grant his preliminary injunction. The North Central Regional Office response due on September 15, 2024 Remedy No. 1210548-R1.

ECF No. 3 at 5. In a memorandum submitted in support of his motion, Plaintiff reiterated his request for a preliminary injunction to be in place "while he exhaust[s] his administrative remedies with the [Bureau of Prisons (BOP)]." ECF No. 10 at 5. Given this, the Court agrees with Defendants that Plaintiff was seeking injunctive relief only through the time required for him to exhaust his administrative remedies.

The Court likewise agrees that Plaintiff's proposed amended complaint contains additional allegations detailing the steps he has taken to resolve his grievances via the available administrative procedures. Specifically, Plaintiff alleges that (1) he filed a BP-8 requesting that the debt encumbrance be removed from his account and that his funds

10

be returned; (2) his request was denied by the Warden on August 29, 2024; (3) the Warden's denial was affirmed by the Regional Director on September 30, 2024; and (4) the Central Office affirmed the Regional Director's response denying his request on October 28, 2024. *See* ECF No. 45-1 at 14, ¶ 7. According to Defendants, these allegations make clear that Plaintiff has "now completed the administrative remedy process regarding his claim," ECF No. 74 at 6–7, such that the Court can no longer grant the time-barred relief Plaintiff seeks. Upon review of the administrative grievance procedure available to Plaintiff, the Court agrees with Defendants that Plaintiff's administrative efforts have now concluded.

The BOP has established a four-step Administrative Remedy Program, codified at 28 C.F.R. §§ 542.10–542.19, which "allow[s] an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10. Under this process, an inmate must first attempt informal resolution with prison staff, 28 C.F.R. § 542.13(a). If the grievance is not informally resolved, the inmate must then submit a formal written Administrative Remedy Request, or a B-9 form, with his institution. *See id.* § 542.14(a). An inmate who is dissatisfied with the Warden's response may then submit an appeal to the Regional Director. *Id.* § 542.15(a). Finally, if the inmate is dissatisfied with the Regional Director's response, he may file an appeal to the General Counsel via submission to the Central Office. *See id.; id.* § 542.15(b)(1). "Appeal to the General Counsel is the final administrative appeal." *Id.*

As his proposed amended complaint makes clear, Plaintiff's administrative remedies were exhausted when his grievance was appealed to, and subsequently

11

rejected by, the Central Office. *See* ECF No. 45-1 at 14. Because Plaintiff seeks a preliminary injunction specific to the period of time required for him to exhaust his administrative remedies, ECF No. 3 at 5, ECF No. 10 at 5, the Court is no longer able to grant the relief he requests. On these grounds, Plaintiff's motions for reconsideration, ECF Nos. 55, 70, are denied as moot.

      3. *Plaintiff's Motions for Reconsideration*

Although the time-bound nature of Plaintiff's relief is sufficient to deny his reconsideration motions as moot, Plaintiff also raises a host of other issues in support of his argument that the Court erred in denying his motion for a preliminary injunction. *See generally* ECF Nos. 55, 70.[3] Construing his pleadings liberally, as the Court must for a pro se plaintiff,[4] Plaintiff does not appear to argue any intervening change in controlling law, or that new evidence available. Instead, the basis for each of Plaintiff's arguments appears to be that the Court's preliminary injunction order contains errors of fact and law.

---

[3] Among his many arguments, Plaintiff contends that the Court "erred [in] finding that [Plaintiff's] requested relief is disfavored and thereby warrants a heightened standard of proof." ECF No. 55 at 17. Although the Court disagrees, such a finding is immaterial. Even if his requested relief is not disfavored, establishing the threat of irreparable harm still requires that Plaintiff "demonstrate 'a significant risk that [he] will experience harm that cannot be compensated after the fact by money damages.'" *See, e.g.*, *Rocky Mountain Peace & Just. Ctr. v. United States Fish & Wildlife Serv.*, No. 18-cv-01017-PAB, 2018 WL 3772864, at *5 (D. Colo. Aug. 9, 2018) (citing *Fish v. Kobach*, 840 F.3d 710, 751 (10th Cir. 2016)). As discussed in greater detail below, Plaintiff cannot do that here.

[4] In his second motion for reconsideration, Plaintiff argues that the Court erred because "it failed to liberally construe the claims raised in the operative complaint, the relief sought, and the request for preliminary injunction, when determining whether [Plaintiff] stated a cause of action." ECF No. 70 at 1. The Court disagrees. Although the order on Plaintiff's motion for a preliminary injunction does not explicitly reference the liberal standard utilized to assess pro se filings, it was indeed applied. And while liberal construction permits the Court to "overlook technical formatting errors and other defects in the Plaintiffs use of legal terminology and proper English," *Smith Bey v. Gibson*, No. 04-cv-01050-MSK-PAC, 2007 WL 778626, at *1 (D. Colo. Mar. 9, 2007), the Court must still assess a pro se plaintiff's filings based on the information presented, as it did in its preliminary injunction order. *See Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (when assessing a pro se plaintiff's filings, the court "will not supply additional factual allegations to round out [his] complaint or construct a legal theory on [his] behalf").

Upon review of Plaintiff's arguments, the Court is not persuaded that a different conclusion is necessary.

Granting a preliminary injunction requires that the moving party "establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Denver Homeless*, 32 F.4th at 1277 (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). "An injunction can issue only if each factor is established." *Id.* (citing *Winter*, 555 U.S. at 23–24). Thus, if the moving part fails to establish all four factors, it is not entitled to injunctive relief.

As noted above, Plaintiff takes issue with the Court's conclusion that Plaintiff was seeking monetary damages and argues that his request for injunctive relief did not explicitly seek a reimbursement of funds. ECF No. 55 at 18 n.3. Plaintiff contends that this determination led the Court to improperly conclude that Plaintiff failed to meet the "irreparable harm" criterion. *Id.* at 27. The Court rejects this argument.

As an initial matter, the Court finds that it properly concluded that Plaintiff's alleged injuries could be satisfied by monetary damages because the pleadings indicate that Plaintiff's "primary concern is requiring Defendant to reimburse money that he believes was improperly taken from his trust fund account." ECF No. 48 at 7–8 n.7 (citing ECF No. 11 at 17). Statements in Plaintiff's reconsideration motions further reiterate that the ultimate relief he seeks is monetary. *See, e.g.*, ECF No. 55 at 25 (stating that Plaintiff is "trying to get money back from federal officials"); *id.* (stating that if injunctive relief is denied, Plaintiff's request would "become one for compensatory relief," where he is

13

"seeking relief from the government[']s Department of Treasury"); *id.* at 27 (stating that if his preliminary injunction is denied, Plaintiff's remaining claims "would operate against the Treasury Department"). Taken together, these representations suggest that the *ultimate relief* that Plaintiff hopes to recover is monetary. It is that ultimate relief that the Court must consider when assessing whether plaintiff has met each criterion for a preliminary injunction. *See, e.g.*, *K-MAR Indus., Inc. v. United States Dep't of Def.*, No. CV-10-0984-F, 2011 WL 13308323, at *2 n.1 (W.D. Okla. Jan. 10, 2011) (assessing "the likelihood of success on the merits criterion" requires "look[ing] at plaintiff's ability to show at the time of the motion that plaintiff is likely to obtain, *at a later stage, the ultimate relief sought in the action*") (emphasis added). Thus, even though Plaintiff's motion for a preliminary injunction seeks injunctive relief and not monetary damages, that is not the *ultimate relief* the Court must consider. Indeed, as the name suggests, such relief is only preliminary. Accordingly, when determining whether Plaintiff has met each of the preliminary injunction factors, the Court considers the final ultimate relief requested.

Second, because the Court is satisfied that the ultimate relief Plaintiff seeks is monetary in nature, it did not err in finding that Plaintiff failed to establish irreparable harm in the absence of a preliminary injunction. As noted in the Court's order, and as Plaintiff has previously acknowledged, "a loss of income or money generally does not rise to the level of irreparable harm because a plaintiff can be made whole if the plaintiff is the prevailing party." ECF No. 48 at 9 (citing ECF No. 10 at 16). Moreover, it is "well settled that simple economic loss usually does not, in and of itself, constitute irreparable harm [because] such losses are compensable by monetary damages." ECF No. 48 at 10 (citing

*Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1267 (10th Cir. 2004)). Thus, any harm Plaintiff may suffer while awaiting the resolution of his case would be resolved if and when he is awarded compensatory relief.[5] Because "[a]n injunction can issue only if each factor is established," *Denver Homeless*, 32 F.4th at 1277 (citing *Winter*, 555 U.S. at 23–24), Plaintiff's motions for reconsideration are denied.[6]

### III. CONCLUSION

Consistent with the above analyses, because Plaintiff has failed to meet his burden of demonstrating that I am unable to preside over this case impartially, Plaintiff's Motions for Recusal, ECF Nos. 65, 68, are DENIED. Additionally, because Plaintiff's requested injunctive relief is moot and because Plaintiff has failed to demonstrate irreparable harm as outlined above, Plaintiff has failed to meet the standard for reconsideration and his Motions for Reconsideration, ECF Nos. 55, 70, are DENIED.

---

[5] Although Plaintiff argues that he would ultimately be unable to recover the money that Defendants allegedly owe him because his suit against government officials for monetary damages would be barred, *see* ECF No. 55 at 25–27, the Court again notes that Plaintiff still continues to seek money damages under *Bivens* and the Little Tucker Act, 28 U.S.C. § 1346 in his proposed second amended complaint. *See* ECF No. 45-1 at 3–4 (seeking $10 million in compensatory damages and another $10 million in punitive damages). Such claims further support the Court's finding that Plaintiff has failed to demonstrate irreparable harm that could not be remedied by the award of monetary damages at the conclusion of trial.

[6] As discussed, the Court previously found that Plaintiff is unlikely to demonstrate success on the merits of his claims. While a failure to demonstrate irreparable harm is, standing alone, sufficient to deny his motion to reconsider the Court's preliminary injunction order, Plaintiff's inability to establish that he is likely to prevail on the merits of his claims also supports the denial of his motions for reconsideration. *See Denver Homeless*, 32 F.4th at 1277.

DATED this 10th day of November 2025.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge

16