IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:24-cv-02658-CNS-TPO

DAVID E. HILL,

Plaintiff,

v.

A. CIOLLI, Warden,
C. HARVEY, Unit Manager,
D. ENGLISH, Case Manager, and
K. DELL, Case Manager,

Defendants.

---

ORDER

---

Before the Court is Plaintiff's Motion for Recusal of Judge Charlotte N. Sweeney, ECF No. 113. The Court presumes familiarity with the parties' briefing, as well as the relevant factual and procedural background, and for the reasons explained below, Plaintiff's motion is DENIED.

## I. SUMMARY FOR PRO SE DEFENDANT

This order concerns your motion requesting that I recuse myself from these proceedings, ECF No. 113. For the reasons explained in greater detail below, the Court denies your motion. You argued that I should recuse myself because the order denying your motion for preliminary injunction should have stated that you sought to enjoin Defendants from enforcing the 50/50 agreement until the conclusion of this matter. *Id*. at

4. However, you had withdrawn the memorandum requesting such relief. *See* ECF Nos. 31-1, 40, 44, 50. Thus, in ruling on your motion for preliminary injunction and motions for reconsideration, the Court properly characterized the relief sought as a preliminary injunction effective through the conclusion of the administrative remedy proceedings. ECF Nos. 48, 88.

Next, you argued that I prejudged the case by stating that your arguments lacked merit before the magistrate judge could rule on your motion to dismiss. ECF No. 113 at 4. As the Court had previously explained, assessing a motion for a preliminary injunction *requires* considering whether Plaintiff has established that "he is likely to succeed on the merits" of his claims, and is a separate standard than on motion to dismiss. ECF No. 88 at 5. Accordingly, your motion to recuse is denied.

## II. ANALYSIS

As Plaintiff is proceeding pro se, the Court construes his filings liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), but does not serve as Plaintiff's advocate, *see Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009).

28 U.S.C. § 455 provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned," including if she "has a personal bias or prejudice concerning a party." 28 U.S.C. §§ 455(a), 455(b)(1). When determining whether recusal is warranted, courts ask "whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987). "Though judges 'have a strong duty to recuse when appropriate,' they also have

'a strong duty to sit,' and § 455 must not be so broadly construed as to make recusal mandated 'upon the merest unsubstantiated suggestion of personal bias or prejudice.'" *United States v. Mobley*, 971 F.3d 1187, 1205 (10th Cir. 2020) (citing *United States v. Wells*, 873 F.3d 1241, 1251 (10th Cir. 2017)). "The party moving to disqualify a judge is ordinarily assigned the burden of proof." *Davis v. U.S. Dep't of Just.*, No. 23-3244, 2024 WL 4003734, at *3 (10th Cir. Aug. 30, 2024) (citing *Topeka Hous. Auth. v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005)).

Plaintiff appears to argue that I should recuse for two primary reasons, including because I: (1) made false statements relative to the relief that Plaintiff sought in his motions for injunctive relief; and (2) "prejudged the case by stating that Mr. Hill's arguments lacked merit before the magistrate judge could make a fair and impartial recommendation." ECF No. 113 at 4. In response, Defendants argue that the Court did not misrepresent Plaintiff's requested relief and that Court's ruling on Plaintiff's motion for a preliminary injunction was properly decided and that the issues raised in Plaintiff's motion does not warrant recusal. ECF No. 124 at 7–9. The Court agrees with Defendants that recusal is not appropriate.

With respect to Plaintiff's first argument, Plaintiff contends that I misstated the relief sought in ruling on his motion for preliminary injunction and his motions for reconsideration. ECF No. 113 at 4–5. Specifically, Plaintiff maintains that he sought a preliminary injunction extending until the conclusion of the case. *Id*. at 4. Not so. Plaintiff filed a motion for preliminary injunction on September 25, 2024, requesting the Court enjoin Defendants from enforcing the June 2024 50/50 Agreements "until the Federal

Bureau of Prisons Administrative Remedy procedures have been concluded." ECF No. 3 at 5. In Plaintiff's December 2, 2024 Memorandum in Support of Motion for Preliminary Injunction, Plaintiff sought the same relief: "a preliminary injunction to preserve the status quo enjoining the Defendants from enforcing their June 4th and June 26, 2024 50/505 agreements while he exhaust[s] his administrative remedies with the BOP." ECF No. 10 at 5. On June 5, 2025, Plaintiff filed another memorandum[1] and requested that the Court enjoin Defendants from enforcing the June 2024 50/50 Agreement through the close of the case. ECF No. 31-1 at 40. Plaintiff subsequently withdrew the motion to amend. *See* ECF Nos. 40, 44, 50.

The Court's order denying Plaintiff's motion for preliminary injunction stated that he sought a "preliminary injunction to preserve the status quo enjoining Defendant's [sic] from enforcing the June 2024 50/50 Agreement until the Federal Bureau of Prisons Administrative Remedy Procedures have been concluded." *See* ECF No. 48 at 1–2 (quoting ECF No. 3 at 4). The Court noted that Plaintiff "filed a memorandum in support of [his] preliminary injunction, where it appears that [he] seek the same relief as your initial preliminary injunction motion." ECF No. 48 at 2 (citing ECF No. 10 at 5). The Court noted that Plaintiff had moved to withdraw the June 5, 2025 memorandum and did not consider it in ruling on his motion for preliminary injunction. *Id*. at 2 ("It thus appears that you are abandoning your motion for preliminary injunction, and the Court denies your motion on that ground."). In ruling on Plaintiff's motions for reconsideration, the Court noted that Plaintiff "requested that the Court enjoin Defendants from enforcing the 2024 50/50

[1] The memorandum was embedded in Plaintiff's Motion to Amend Complaint. *See* ECF No. 31-1 at 37.

Agreement until after the administrative grievance process concluded," ECF No. 88 at 2, and included a screenshot of Plaintiff's motion requesting relief, *id*. at 9–11. Thus, Plaintiff's first argument fails.

The Court previously considered Plaintiff's second argument that I prejudiced him by determining that this case lacks merit before Defendants' motion to dismiss could be decided. ECF No. 88. Plaintiff's argument here is rejected for the same reasons:

> [A]ssessing a motion for a preliminary injunction *requires* considering whether Plaintiff has established that "he is likely to succeed on the merits" of his claims, *Denver Homeless Out Loud*, 32 F.4th at 1277, in light of the alleged facts and the ultimate relief sought, *see Resolution Trust Corp. v. Cruce,* 972 F.2d 1195, 1198 (10th Cir. 1992). As discussed further below, that is what I did in denying Plaintiff's motion for a preliminary injunction. *See* ECF No. 48 at 6–9. Importantly, although ruling on Plaintiff's preliminary injunction required making a prediction about Plaintiff's likelihood of ultimate success, this did not prejudice the review of Defendants' pending motion to dismiss. An assessment of Defendants' motion to dismiss is not bound by the preliminary injunction order, which is evaluated under a different standard. *See, e.g.*, *Am. Ass'n of People with Disabilities v. Herrera*, 690 F. Supp. 2d 1183, 1193 (D.N.M. 2010).

*Id*. at 5; *see also* ECF No. 48 at 8 ("[The Court] declines to speculate on the outcome that Magistrate Judge O'Hara might recommend.").

**III. CONCLUSION**

Consistent with the above analysis, because Plaintiff has failed to meet his burden of demonstrating that I am unable to preside over this case impartially, Plaintiff's Motion for Recusal, ECF No. 113, is DENIED.

DATED this 28th day of September 2026.

BY THE COURT:

______________________________________
Charlotte N. Sweeney
United States District Judge