IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:24-cv-02658-CNS-TPO

DAVID E. HILL,

Plaintiff,

v.

D. BAYSORE[1], Warden,
C. HARVEY, Unit Manager,
D. ENGLISH, Case Manager, and
K. DELL, Trust Fund Supervision

Defendants.

---

# ORDER

---

Before the Court are eleven motions filed by Plaintiff. Ten are related: two motions for reconsideration of the Court's March 31, 2026 Order, ECF Nos. 135, 139; three motions to file a second amended complaint (SAC), ECF Nos. 160–62; a Motion for Leave to File a Supplement Adding New Facts to the Original Complaint and the Pending Unopposed Supplemental Complaint, ECF No. 169; two motions for preliminary injunction, ECF Nos. 164, 167; and two motions to certify, ECF Nos. 136, 148. Defendants D. Baysore, C. Harvey, D. English, and K. Dell have responded to the motions in their

[1] Pursuant to Fed. R. Civ. P. 25(d), a public officer's successor is automatically substituted as a party. This Court therefore replaces A. Ciolli with D. Baysore as the named warden defendant.

official capacities. ECF Nos. 143, 144, 149, 151, 165, 175, 178. Plaintiff has filed a reply to the second of the motions for reconsideration, ECF No. 150, but not any other motion.

Plaintiff's eleventh motion seeks to withdraw or strike a docket entry in his pending appeal. ECF No. 181. Defendants do not oppose the motion. ECF No. 184. The Court presumes familiarity with the parties' briefing, as well as the relevant factual and procedural background, and for the reasons explained below, Plaintiff's motions are denied.

## I. SUMMARY FOR *PRO SE* PLAINTIFF

In two motions for reconsideration, you argue that the Court should not have concluded it did not have jurisdiction to consider several pending motions based on your pending appeal in *Hill v. Ciolli, et al.*, Case No. 25-1450. ECF Nos. 135–36; *see* ECF No. 131. One of those motions was Defendants' motion to dismiss. ECF No. 131. Although you are correct that in most instances, the appeal of a preliminary injunction order does not take away the district court's jurisdiction, that is not the case here. That is because the issues and arguments before the Tenth Circuit are identical to the ones in the motion to dismiss. In addition, and in the alternative, if the Court has jurisdiction, it does not need to exercise it to consider the motion to dismiss or the other motions. Thus, your motions for reconsideration are denied.

You also filed three motions for leave to file a second amended complaint and a motion for leave to file a supplement to the operative complaint and to the proposed second amended complaints. ECF Nos. 160–62, 69. The proposed supplement does not alter the claims at issue. Defendants argue that any supplemented complaint would

remain subject to dismissal based on the legal arguments in their previous motion to dismiss. ECF No. 175. In light of the pending appeal, those motions are denied without prejudice, which means you may refile them after your appeal is decided.

Next, you filed two motions for preliminary injunction. ECF Nos. 164, 167. Because those motions are essentially photocopies of the motion that the Tenth Circuit already denied in your appeal, the Court lacks jurisdiction to consider the motions. Thus, the motions for preliminary injunction are denied.

You also filed two motions for certification. ECF Nos. 136, 148. The first seeks certification of an order which addresses issues currently on appeal. That motion is denied. The second is substantively identical to the motions the Court previously denied as moot in light of the pending appeal. Thus, the Court also denies the second motion for certification.

You also filed a motion to withdraw or strike a duplicate copy of your motion in your appeal. ECF No. 181. This Court lacks jurisdiction to withdraw or strike appellate docket entries or filings. Your motion to withdraw is denied.

Accordingly, your motions, ECF Nos. 135, 136, 139, 148, 160, 161, 162, 164, 167, 169, 181, are denied.

## II. ANALYSIS

As Plaintiff is proceeding pro se, the Court construes his filings liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), but does not serve as Plaintiff's advocate, *see Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009).

**A. Motions for Reconsideration**

Plaintiff requests that the Court reconsider its March 31, 2026 Order ("Denial Order"), ECF No. 131, which denied without prejudice Defendants' Motion to Dismiss, ECF No. 26, Plaintiff's Motion for Leave to File an Amended Pro Se Complaint, ECF No. 45, Plaintiff's Motion for Leave to File a Supplement [to] the Proposed Amended Complaint, ECF No. 58, Plaintiff's Motions to Take Judicial Notice, ECF Nos. 75–76, Plaintiff's Motion to Compel, ECF No. 77, and Plaintiff's motions to certify, ECF Nos. 93–94, 103. ECF Nos. 135, 139. Plaintiff argues that the Court should not have concluded that it lacked jurisdiction to consider the motions based on the pending appeal in the matter. ECF No. 135 at 3–4; ECF No. 139 at 3; ECF No. 150 at 1. Plaintiff requests that the Court reinstate the motions and enter final judgment or certify the Court's intent to grant the motions. *See, e.g.*, ECF No. 135 at 5. The Court disagrees.

While the Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration, Rule 54(b) states that "any order or other decision, however designated, that adjudicates fewer than all the claims...may be revised at any time before the entry of judgment adjudicating all claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). A motion for reconsideration filed prior to the entry of judgment falls within a court's power to revisit and amend interlocutory orders. *See Paramount Pictures Corp. v. Thompson Theatres, Inc.,* 621 F.2d 1088, 1090 (10th Cir. 1980) (citing Fed. R. Civ. P. 54(b)). A motion for reconsideration is appropriate where there is "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does,*

204 F.3d 1005, 1012 (10th Cir. 2000) (citation omitted). The decision whether to grant or deny a motion to reconsider is committed to the court's sound discretion. *Trujillo v. Bd. of Educ. of Albuquerque Public Schools*, 212 Fed.Appx. 760, 765 (10th Cir. 2007) (unpublished) ("A district court has discretion to revise interlocutory orders prior to entry of final judgment.") (citation omitted).

Here, Plaintiff does not present new evidence or demonstrate that a later, contradictory controlling authority exists. *See* ECF No. 135 (attaching no new evidence and citing no authorities after March 31, 2026); ECF No. 139 (same); ECF No. 150 (same). The Court thus considers whether there is clear error or a risk of manifest injustice.

As the Supreme Court has explained, "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal. *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982); *see Coinbase, Inc. v. Bielski*, 599 U.S. 736, 744 (2023). This is to avoid the "worst possible outcome" for the litigants and the court: litigating a dispute in the district court only for the court of appeals to reverse and order the dispute arbitrated. *Coinbase*, 599 U.S. at 743.

Yet, "[a]n interlocutory appeal from the denial of a preliminary injunction does not divest the district court of jurisdiction to adjudicate the underlying merits of an action." *Carbajal v. Williams*, 844 F. App'x 68, 71 (10th Cir. 2021) (citations omitted). There is, however, a limited exception to the retention of jurisdiction "where a motion presents the

same legal issues as those which are on appeal." *Pueblo of Pojoaque v. New Mexico*, 214 F. Supp. 3d 1028, 1068 (D.N.M. 2016), *aff'd,* 863 F.3d 1226 (10th Cir. 2017).

The Denial Order relied on Plaintiff's pending appeal, *Hill v. Ciolli, et al.*, Case No. 25-1450, to deny several motions. ECF No. 131. Plaintiff's appeal of the Court's order, ECF No. 88, denying Plaintiff's Motion for Reconsideration, ECF No. 55, of the denial of Plaintiff's preliminary injunction, ECF No. 48, is still pending. *Hill v. Ciolli, et al.*, Case No. 25-1450, (10th Cir. Dec. 3, 2024), Dkt. No. 1-1. As "[t]he standard of review for a denial of a motion for reconsideration depends on the nature of the underlying decision," for the purposes of this order, Plaintiff effectively appealed the preliminary injunction ruling, ECF No. 48. *See Martin v. Stites*, 4 F. App'x 621, 626, 631 (10th Cir. 2001) (affirming denial of preliminary injunction on appeal of motion for reconsideration of the district court's preliminary injunction and partial summary judgment rulings) (citations omitted).

Despite this, the Court lacks jurisdiction to consider the motion to dismiss. The legal issues and arguments in the motion to dismiss were "identical to those the court addressed in denying plaintiff['s] a preliminary injunction" such that the Court even noted the motion to dismiss in the order denying the preliminary injunction. *See Mountain Sols., Inc. v. State Corp. Comm'n of State of Kan.*, 982 F. Supp. 812, 816 (D. Kan. 1997) (finding that the court had no jurisdictional authority to entertain motion for summary judgment while there was a pending preliminary injunction appeal on the same issues); ECF No. 48 at 8.[2]

[2] The Court agrees with Plaintiff's cited cases which state that, in general, district courts retain jurisdiction while there is an appeal taken from an interlocutory decision. *See Wisconsin Mut. Ins. Co. v. United States*, 441 F.3d 502, 504 (7th Cir. 2006); *United States v. Wright*, No. 16-10141-03-EFM, 2017 WL 4758963, at *2 n.6 (D. Kan. Oct. 20, 2017); *Minocqua Brewing Co., LLC v. Hess*, No. 25-CV-325-JDP, 2025 WL

Regardless, even if the Court had retained jurisdiction over the motion to dismiss, it was not obligated to exercise it. "[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016); *see also JL Powell Clothing LLC v. Powell*, 590 F. App'x 3, 4 (1st Cir. 2014) ("Although we are permitted to resolve Joshua's motion to dismiss when entertaining an interlocutory appeal of a preliminary injunction, such jurisdiction is discretionary and we decline Joshua's invitation to exercise it."). The Court was also not obligated to address Plaintiff's other motions for the same reasons. It would have been a waste of scarce judicial resources to decide the motions while the Tenth Circuit is addressing the same or related issues.[3] Accordingly, Plaintiff has not shown that the Court has committed clear error or that there was a manifest injustice. As such, Plaintiff's motions for reconsideration are denied.

**B. Motions for Leave to Amend or to Supplement**

Plaintiff filed three motions for leave to file a SAC. ECF Nos. 160–162. Plaintiff also requests leave of court to file a supplement to the Amended Complaint, ECF No. 11, and to the proposed SAC. ECF No. 169 at 1. The proposed supplement is an inmate

---

2977986, at *1 (W.D. Wis. Oct. 22, 2025). As explained above, however, the exception recognized in *Pueblo of Pojoaque v. New Mexico* applies to the motion to dismiss. Plaintiff's other cited authorities are also inapplicable. *See United States v. Cronic*, 466 U.S. 648, 667 n.42 (1984) (discussing 28 U.S.C. § 2255 motions, a type of habeas corpus relief that is not available in civil actions); *Carter v. Genesis Alkali LLC*, No. 23-8079, 2024 WL 4491802, at *3 (10th Cir. Oct. 15, 2024) (noting that dismissed appeal did not divest the district court of jurisdiction).

[3] For example, Plaintiff's proposed SAC repeats the same allegations which Defendants seek to dismiss, ECF No. 45-1 at 11–19, and Plaintiff seeks to supplement the proposed SAC, ECF No. 58. Plaintiff's requests to take judicial notice include a renewed request for the same preliminary injunction relief. ECF Nos. 75–76. And Plaintiff filed a motion to compel based on the allegations Defendants seek to dismiss. ECF No. 77.

transaction receipt which does not alter the legal claims at issue. *Id*. Defendants argue that any supplemented complaint would remain subject to dismissal based on the legal arguments in their motion to dismiss. ECF No. 175. For reasons that overlap with those discussed above, it would be improper and inefficient to consider amendment while an appeal on the same issues is pending.[4] *See Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (noting that denying leave to amend is generally justified only when there is "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."); *Jefferson Cnty. Sch. Dist. v. Moody's Inv.'s Servs.*, 175 F.3d 848, 859 (10th Cir. 1999) ("A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."). Accordingly, Plaintiff's motions to amend and supplement are denied without prejudice to being refiled or reinstated after the conclusion of his appeal.

**C. Motions for Preliminary Injunction**

Plaintiff filed two motions seeking a preliminary injunction against Defendants D. Baysore, C. Harvey, D. English, and K. Dell to pay Plaintiff the $3,833.29 that Plaintiff states they took from him during the pendency of his appeal. ECF No. 164 at 15; ECF No. 167 at 14. The motions are photocopies of a motion that was denied by the Tenth Circuit in Plaintiff's appeal. *Compare* ECF Nos. 164, 167, *with* Appellant's Motion for Preliminary Injunction During the Pendency of the Appeal, *Hill v. Ciolli, et al.*, Case No. 25-1450 (10th Cir. July 6, 2026), Dkt. 39. The only significant difference is that Plaintiff

[4] The Court previously denied two similar motions from Plaintiff, ECF Nos. 45, 58, for the same reasons. ECF No. 131.

attaches an inmate transaction receipt to the motions before this Court that he did not attach to the motion before the Tenth Circuit. *See, e.g.*, ECF No. 167 at 15–25.

Plaintiff's attachment does not alter the legal issues presented. Thus, the Court lacks jurisdiction to consider the motions because they present "the same legal issues as those which are on appeal." *Pueblo of Pojoaque*, 214 F. Supp. 3d at 1068. Moreover, the Tenth Circuit has already denied the motion and Plaintiff's motion to reconsider. *See Hill v. Ciolli, et al.*, Case No. 25-1450 (10th Cir. July 6, 2026), Dkts. 44, 47; *see Stifel, Nicolaus & Co. v. Woolsey & Co.*, 81 F.3d 1540, 1543 (10th Cir. 1996) ("The law of the case doctrine obligates every court to honor the decisions of courts higher in the judicial hierarchy… a trial court may not reconsider a question decided by an appellate court."). This Court cannot reconsider the motion.

Thus, Plaintiff's motions for preliminary injunction, ECF Nos. 164, 167, are denied.

**D. Motions to Certify**

Plaintiff filed two requests for certification. First, Plaintiff requests that the Court certify an order (which was not yet issued) denying his motions for reconsideration of the Denial Order, ECF No. 131. ECF No. 136 at 1. As discussed above, similar issues are currently on appeal to the Tenth Circuit such that the Court either lacks or declines jurisdiction to consider them at this time. In addition, "[a] district court has discretion to determine whether to certify an order for interlocutory appeal." *Slusser v. Mountain W. Conf.*, No. 1:24-CV-03155-SKC-MDB, 2025 WL 1265874, at *2 (D. Colo. May 1, 2025) (citing *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 47 (1995)). Courts will only certify an issue for appeal under 28 U.S.C. § 1292(b) in exceptional circumstances. *Id*. Further,

at the time of filing Plaintiff's motion for certification, the Court evidently had not even issued this order and Plaintiff was seeking to prospectively certify a forthcoming order. The Court agrees with Defendants that certifying this order now would deprive them of the opportunity to respond. ECF No. 144. For these reasons, the motion is denied.

Plaintiff also requests that the Court certify the order denying Plaintiff's motion for reconsideration, ECF No. 88, which is currently on appeal. ECF No. 148. The request is the same as the ones that the Court denied as moot in light of the pending appeal. ECF No. 131. As discussed above, the Court declines to reconsider that denial. For the same reasons, the Court denies Plaintiff's second request for certification.

### E. Motion to Withdraw or Strike

Plaintiff also filed a motion to withdraw or strike a filing submitted to the Tenth Circuit. ECF No. 181. In his motion, Plaintiff identifies a duplicate copy of a motion he filed on appeal. *Id.*; *see Hill v. Ciolli, et al.*, Case No. 25-1450, (10th Cir.), Dkt. Nos. 33, 36. The appellate docket indicates that a copy was forwarded from the district court. *Id.* at Dkt No. 36. Plaintiff maintains that he did not file such a motion and he is confident that the Court is "behind such unsavory conduct." ECF No. 181.

The Court notes that the copy was received, but not filed, in his appeal. And even if it was filed, this Court does not have jurisdiction to withdraw or strike any motion or docket entry pending before the Tenth Circuit. *See Box v. Crawford*, No. 4:07CV02063 ERW, 2009 WL 311166, at *1 (E.D. Mo. Feb. 6, 2009). Thus, the motion to withdraw or strike is denied.

## III. CONCLUSION

Consistent with the above analysis, Plaintiff's motions for reconsideration, ECF Nos. 135, 139, are denied. Plaintiff's motions to amend and supplement, ECF Nos. 160–62, 169, are denied without prejudice to being refiled or reinstated after the pendency of his appeal and the mandate has issued. The following motions are also denied: the motions for preliminary injunction, ECF Nos. 164, 167; Plaintiff's motions for certification, ECF Nos. 136, 148; and Plaintiff's motion to withdraw or strike, ECF No. 181.

The Clerk of Court is directed to substitute A. Ciolli with D. Baysore in the docket.

DATED this 19th day of November 2026.

BY THE COURT:

Charlotte N. Sweeney
United States District Judge